UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK D. BENNETT, SR., | ) | CV F 05 0924 REC LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | [Doc. #1] |
| D. G. ADAMS, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On July 19, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. In his petition, Petitioner raises four grounds for relief: 1) "Continuing collateral consequences now stem from department being in contempt of force of Superior Court ruling to return credit for invalidated periods of confinements since 9/22/98 to 10/12/99"; 2) "Continuing collateral effects now cause Petitioner to be placed in wrong custody level in prison and continued parole custody unlawfully, denying him equal protection of the law; 14th Amd."; 3) "Petitioner, who is not a lifer, is in constant

threat of life and limb by placement in Level IV prisons and arbitrary placement in administrative segregation , when he is a Level II prisoner; Title 15 § 3375(f)(1); <u>Sandin v.Connor</u>, 515 U.S. 472, 486"; and 4) "Review is proper under <u>Carafas v. LaVallee</u>, (___ U.S. ___), as all manner of reincarceration, parole and police contact, will be effected by the erroneous custody level, prison number and improper calculation methods assessed Petitioner, and Respondent's refusal to give him computation reviews that are accurate and meaningful."

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

    Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

    The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

    While a habeas corpus petition is the correct method for a prisoner to challenge the "legality

or duration" of his confinement, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser</u>, 411 U.S. at 485, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the instant case, Petitioner fails to state a claim cognizable on federal habeas review with respect to Grounds Two, Three, and Four. In Ground Two, Petitioner claims he has been given the wrong custody level. In Ground Three, he complains his placement in a higher custody level has deprived him of rehabilitative privileges and programs. In Ground Four, he claims the inaccurate information in his prisoner file constitutes a violation of the Eighth Amendment proscription against cruel and unusual punishment. In these three claims, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief on these claims, and they must be dismissed. Should Petitioner wish to pursue these claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Grounds Two, Three, and Four of the petition for writ of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  IT IS SO ORDERED.
4  **Dated:   July 22, 2005**              /s/ Lawrence J. O'Neill
   b9ed48                              UNITED STATES MAGISTRATE JUDGE