UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK D. BENNETT, SR., | ) | CV F 05 0924 REC LJO HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR PETITIONER'S FAILURE TO |
| | ) | EXHAUST STATE REMEDIES |
| | ) | |
| D. G. ADAMS, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On July 19, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. In his petition, Petitioner raises four grounds for relief: 1) "Continuing collateral consequences now stem from department being in contempt of force of Superior Court ruling to return credit for invalidated periods of confinements since 9/22/98 to 10/12/99"; 2) "Continuing collateral effects now cause Petitioner to be placed in wrong custody level in prison and continued parole custody unlawfully, denying him equal protection of the law; 14th Amd."; 3) "Petitioner, who is not a lifer, is in constant

1 threat of life and limb by placement in Level IV prisons and arbitrary placement in administrative
2 segregation , when he is a Level II prisoner; Title 15 § 3375(f)(1); <u>Sandin v.Connor</u>, 515 U.S. 472,
3 486"; and 4) "Review is proper under <u>Carafas v. LaVallee</u>, (___ U.S. ___), as all manner of
4 reincarceration, parole and police contact, will be effected by the erroneous custody level, prison
5 number and improper calculation methods assessed Petitioner, and Respondent's refusal to give him
6 computation reviews that are accurate and meaningful."

7   By separate order, the undersigned has recommended the dismissal of Grounds Two, Three,
8 and Four.

## DISCUSSION

10   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review
11 of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
12 from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §
13 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order
14 Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

15   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
16 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The
17 exhaustion doctrine is based on comity to the state court and gives the state court the initial
18 opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501
19 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158,
20 1163 (9th Cir. 1988).

21   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
22 full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v.</u>
23 <u>Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88
24 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
25 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
26 claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504
27 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

28   Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner may not have presented Ground One to the California Supreme Court. On page four of his petition, Petitioner states he has "sought the reliefs mandated by law to all courts." However, on page three, Petitioner states: "Note: As to the issue of state exhaustion requirement the issue was addressed and ruled on by *a* state court." (Emphasis added.) Petitioner then mentions presenting his claim to the Del Norte County Superior Court. Petitioner does not state whether he has presented his claim to the California Supreme Court, and from his note, it appears that he may not have. If Petitioner has not presented his claim to the California Supreme Court, the Court cannot proceed to the merits of the

1  claim. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claim to the
2  California Supreme Court and simply neglected to inform this Court.  Thus, Petitioner must inform
3  the Court if his claim has been presented to the California Supreme Court, and if possible, provide
4  the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any
5  ruling made by the California Supreme Court.

## ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   July 22, 2005**          **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES MAGISTRATE JUDGE